IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | Case No. 13-50694-JSD |
| SEGA Biofuels, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | Adversary No. |
| THE HERITAGE BANK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| SEGA Biofuels, LLC, ) | |
| ) | |
| Defendant. ) | |

### VERIFIED COMPLAINT FOR ADEQUATE PROTECTION, RELIEF FROM STAY, AND INJUNCTIVE RELIEF

The Heritage Bank, the holder of secured claims in the above-styled case, herewith files this Complaint for Adequate Protection, Relief from Stay, and Injunctive Relief, and in support of this Complaint, respectfully shows the Court as follows:

### JURISDICTION & VENUE

1.

This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and Bankruptcy Rule 7001.

2.

This Adversary Proceeding relates to the above referenced Chapter 11 case filed under the United States Bankruptcy Code and is a core proceeding within the meaning on 28 U.S.C. § 157.

3.

Venue is proper with this Court pursuant to 28 U.S.C. § 1409(a).

## FACTS

4.

On or about June 27, 2012, The Heritage Bank extended certain loans to SEGA Biofuels, LLC, with those loans presently being recorded on the Court's Claims Register as Claim Number 3 ($836,292.52), Claim Number 4 ($1,364,109.32), Claim Number 5 ($8,752.369.37) and Claim Number 6 ($944,976.02) to be collectively referenced hereinafter as the "Credit Facility".

5.

The security documents (hereinafter the "Security Documents") attached to Claim Numbers 3, 4, 5, and 6 are true and accurate copies and are incorporated herein by reference as if verbatim.

6.

As an inducement to extend the Credit Facility, SEGA Biofuels, LLC granted to The Heritage Bank certain first priority security interests including but not limited to real property commonly known as 15333 Hwy 82, Nahunta, GA 31553 (see Deed to Secure Debt recorded on or about June 27, 2012, at Book 523, Pages 251-279 with the Clerk of the Superior Court of Brantley County, Georgia).

7.

As further inducement to extend the Credit Facility, SEGA Biofuels, LLC granted to The Heritage Bank security interests perfected by a UCC Financing Statement dated June 27, 2012, concerning all property of the Defendant described in Schedule 1 attached to that UCC Financing

Statement to include property such as accounts receivable, inventory, equipment, fixtures and future property and fixtures described in exhibit "A" to the UCC Financing Statement.

8.

As further inducement to extend the Credit Facility, SEGA Biofuels, LLC pledged to The Heritage Bank to maintain certain life insurance policies on the lives of Robert Foxen and John Ford, with The Heritage Bank listed as the assignee to those policies.

9.

As further inducement to extend the Credit Facility, Robert Foxen and John Ford provided personal guarantees to The Heritage Bank of all debts owed by SEGA Biofuels, LLC to The Heritage Bank.

10.

Additional terms and promises are found in the *Pari Passu* Agreement and Term Note(s) all attached to their respective Proof of Claim as referenced above.

11.

All debts owed to The Heritage Bank (Claims Numbers 3,4, 5 and 6) are secured by all collateral of the Defendant no matter the form as referenced above.

12.

On or about September 11, 2013, Defendant SEGA Biofuels, LLC filed a petition for relief under Chapter 11 of Title 11, United States Code, which filing commenced this bankruptcy.

13.

Upon information and belief, Defendant used pre-petition accounts receivable and cash collateral of The Heritage Bank to pay both pre-petition and post-petition debts.

14.

Defendant initially characterized pre-petition accounts receivable and cash collateral in its original filing of Schedule B at Paragraph 16 showing accounts receivable at $549,875.00.

15.

Defendant made repeated requests of The Heritage Bank to make use and/or to release all or part of the cash collateral but failed to gain the consent of The Heritage Bank

16.

After failing to gain the consent of The Heritage Bank to make use of and/or release all or part of the cash collateral, Defendant amended its Schedule B at Paragraph 16 to $0.00 and now denies its former characterization.

17.

Upon information, belief and testimony given at the 341 Meeting of Creditors, Defendant's re-characterization of cash collateral and use of same was in violation of the powers granted to a debtor in possession, was in violation of the United States Bankruptcy Code (See 11 U.S.C. § 552), and was an act committed in bad faith.

18.

Defendant's Schedule A states the current value of all collateral belonging to The Heritage Bank at $9,837,279.00 along with a secured claim owed to The Heritage Bank of $11,482,438.00.

19.

Upon information, belief and testimony given at the 341 Meeting of Creditors, Defendant has failed to maintain payments on the life insurance policies concerning Robert Foxen and John Ford as required by the security agreements.

## ADEQUATE PROTECTION

20.

SEGA Biofuels, LLC continues to make use of depreciating collateral (i.e., equipment, machinery, fixtures) in which The Heritage Bank holds an interest and which is protected by the automatic stay, therefore; The Heritage Bank is entitled to adequate protection. 11 U.S.C. § 362.

21.

Upon information and belief, Defendant intends to sell equipment (believed to be a log press and hereafter referenced as the "Log Press") in which The Heritage Bank enjoys a security interest.

22.

Said Log Press was recently appraised at a value of approximately $900,000.00.

23.

Defendant has requested permission to sell the Log Press for $600,000.00.

24.

The Heritage Bank is entitled to protections provided by United States Bankruptcy Code and the proceeds which would result from the sale of said Log Press.

25.

The sale of said Log Press would be outside the ordinary course of business.

26.

Adequate protection has failed with regard to all collateral and specifically cash collateral derived from pre-petition accounts receivable.

27.

The Heritage Bank is entitled to additional adequate protections under 11 U.S.C. § 361(1) in the form of cash payments, 11 U.S.C. § 361(2), with additional and senior lien interests, by 11 U.S.C. § 361(2), with the granting of an indubitable equivalent and as the Court otherwise finds appropriate.

ADMINISTRATIVE EXPENSES

28.

For Defendant's failure to comply with United States Bankruptcy Code which resulted in the necessity of The Heritage Bank to file this adversary complaint, The Heritage Bank is entitled to a claim for administrative expenses equal to the amount of accounts receivable and/or other cash collateral used without permission.

RELIEF FROM STAY

29.

The Heritage Bank is entitled to relief from the automatic stay in that Defendant's schedules show a lack of equity and the collateral it is not necessary to an effective reorganization by Defendant as such an effective reorganization is not feasible.

30.

Movant is entitled to relief from the automatic stays entered on behalf of Defendant in that Movant is not adequately protected in this case and for cause. Currently, Defendant is in arrears on the payments to The Heritage Bank and additional sums owing. If not permitted to take possession of its Collateral and dispose of same, and further proceed immediately with its applicable remedies under applicable non-bankruptcy law to gain physical possession thereof, Heritage Bank will suffer irreparable injury, loss and damage.

31.

Movant is further entitled to relief from the automatic stay in that the majority of The Heritage Bank's collateral can be easily damaged and rapidly depreciated by Defendant or others, thereby entitling Movant to an order expressly providing that relief from stay not be stayed for the ten (10) day period provided for under Bankruptcy Rule 4001 (a)(3).

INJUNCTIVE RELIEF

32.

Defendant's admissions and evidence collected by The Heritage Bank supports a finding of a substantial likelihood that Heritage Bank will succeed on the merits of its substantive claims against Defendant, to wit: 1) a lack of adequate protection, and 2) entitlement to an award of actual damages.

33.

Defendant's admissions and evidence collected by The Heritage Bank show Defendant has rapidly destroyed and converted cash collateral derived from pre-petition accounts receivable.

34.

Defendant has failed to comply with basic provisions under the United States Bankruptcy Code which would otherwise protect The Heritage Bank against the depletion of its cash collateral without its consent or an opportunity to be heard.

35.

Based on Defendant's disregard for the U.S. Bankruptcy Code and unwillingness to respect the property rights of The Heritage Bank, an injunction is necessary to prevent Defendant from causing further loss and conversion of The Heritage Banks' remaining collateral.

36.

An effective injunction would provide for segregation of pre-petition accounts receivable, segregation of pre-petition accounting, and further enjoin Defendant from use of receivables arising from orders received pre-petition.

**WHEREFORE**, The Heritage Bank respectfully prays that upon final consideration of this matter;

1. That service of process issue and Defendants be required to answer this adversary proceeding;

2. That adequate protection be awarded or in the alternative that relief from the automatic stay be granted or Defendants case dismissed;

3. That this Court award The Heritage Bank such other damages, as may be proven at the trial of this proceeding, including reasonable attorney fees and costs;

4. That this Court enter a temporary restraining order enjoining Defendant from further destruction and conversion of Heritage Banks' tangible collateral and cash collateral;

5. That this Court follow the entry of a temporary restraining order with the entry of a preliminary injunction;

6. That this Court follow the entry of a preliminary injunction with the entry of a permanent injunction;

7. That this Court allow an administrative expense equal to the amount of accounts receivable and/or other cash collateral used without permission, and

8. That this Court grant The Heritage Bank such other and further relief as it deems just and proper.

This 6th day of November, 2013.

Daniel C. Jenkins
State Bar No. 142345
*Attorney for The Heritage Bank*

KARSMAN, McKENZIE & HART
21 W. Park Ave.
Savannah, GA 31401
912.335.4977

## **VERIFICATION**

I, Curtis Tumlin, being duly sworn, depose and say that I am an Officer of The Heritage Bank. I have reviewed the foregoing VERIFIED COMPLAINT FOR ADEQUATE PROTECTION, RELIEF FROM STAY, AND INJUNCTIVE RELIEF which I understand has been compiled with the assistance of counsel. To the best of my knowledge, information, and belief, the factual information contained therein is true and accurate.

This 6th day of November, 2013.

_____
The Heritage Bank

Sworn to and subscribed
before me this 6th day
Of November, 2013.

Notary Public _____

My Commission Expires:

(AFFIX NOTARIAL SEAL)

[Notary seal: DENISE RUDISAIL, NOTARY PUBLIC, PIERCE COUNTY, GEORGIA, MY COMM. EXPIRES SEPT 27, 2015]